**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:94cr126**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RONALD BROWN.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Revised Supplement to the Presentence Report Pursuant to Crack Cocaine Guideline Amendment [Doc. 400] and the Revised Sentencing Recommendation Pursuant to Crack Cocaine Guideline Amendment [Doc. 401], and the Government's Motion to Reconsider Order Reducing Defendant's Sentence [Doc. 402], filed January 8, 2009.

In the first Supplement to the Presentence Report Pursuant to Crack Cocaine Guideline Amendment [Doc. 396, filed December 29, 2008], the Probation Officer erroneously calculated the Defendant's adjusted Offense Level as 34. As pointed out by the Government, the error occurred when the Officer referenced the Offense Level reflected in the District Court's

Statement of Reasons instead of the original presentence report. [Doc. 398, filed December 30, 2008, at 2 n.1]. The Statement of Reasons reflected the level to which the Court departed downward pursuant to the Government's U.S.S.G. §5K1.1 motion. [Id.]. Both the Probation Officer and the Government have clarified that the correct adjusted Offense Level prior to any motion for a downward departure was 39 and that this is the Offense Level to which the Amendment applies. The Court agrees. For this reason the Order [Doc. 399] granting the Defendant's Motion to Reduce Sentence [Doc. 391] should be vacated and the Defendant's Motion [Doc. 391] addressed anew.

Therefore, based on the adjusted Offense Level of 39 and Criminal History of V, the Defendant was subject at sentencing to a Guideline range of 360 months to life imprisonment. He was sentenced to 240 months imprisonment, which was 67% of the low end of that range. As a result, upon application of the Crack Cocaine Amendment, the Defendant's adjusted Offense Level is reduced to 37. With his Criminal History of V, his Guideline range of imprisonment is 324 to 405 months. Sixty-seven percent (67%) of the low end of that range results in a sentence of 217 months imprisonment. The Court will therefore grant the motion for reconsideration by separate Order.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Reconsider Order Reducing Defendant's Sentence [Doc. 402] is hereby **GRANTED**. The Order [Doc. 399] of the Court dated January 5, 2009, granting the Defendant's Motion to Reduce Sentence [Doc. 391] is hereby **VACATED**. A new Order will be entered addressing the Defendant's Motion that is separate from this Order.

Signed: January 14, 2009

Martin Reidinger
United States District Judge