**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94cr126-5**

| | | |
|---|---|---|
| **RONALD BROWN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on petitioner's undated letter (#427) received by the court on June 10, 2011, which the court has deemed to be a Motion to Modify Sentence. In that motion, petitioner requests that the court modify its January 14, 2009, Order, which modified the Judgment in this matter based on defendant's Motion to Reduce Sentence re: Crack Cocaine Offense. Specifically, plaintiff takes issue with the following language contained in such Order:

> **III. ADDITIONAL COMMENTS**
> Upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, it is ordered that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation[.]

Order (#405), at p. 1. He contends that the court should, in its discretion, allow him 180 days in a halfway house instead of the 90 days as was provided in the Order.

A district court may modify a term of imprisonment only in limited circumstances. See 18 U.S.C. § 3582(b), (c). Specifically, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or

-1-

Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). None of these circumstances is applicable in the present case.

Even if this court were to consider this pleading to be a Motion to Vacate, Set Aside, or Correct a sentence under 28 U.S.C. § 2255, this motion is filed well beyond the one year period of limitation provided in Section 2255(f). Even if such motion were timely, such a request for discretionary relief would not be a basis for relief under Section 2255 because the motion is not based on an argument that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Thus, no relief can be afforded petitioner under Section 3582 or Section 2255, even if this motion was timely filed. The motion will be denied.

* * *

While relief cannot be granted, petitioner is advised that the Judgment, as revised, speaks to a maximum of 90 days in a halfway house "absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration . . . ." This language would indicate that petitioner should work with his case manager in formulating an appropriate release plan.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Modify Sentence (#427) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: June 15, 2011

Max O. Cogburn Jr.
United States District Judge